Of Counsel:
BRONSTER HOSHIBATA
A Law Corporation
MARGERY S. BRONSTER         #4750
REX FUJICHAKU               #7198
MARGUERITE S. NOZAKI        #8599
1003 Bishop Street, Suite 2300
Honolulu, Hawai`i 96813
Telephone:  (808) 524-5644
Facsimile:  (808) 599-1881
Email:  mbronster@bhhawaii.net
        rfujichaku@bhhawaii.net
        mnozaki@bhhawaii.net

OGAWA, LAU, NAKAMURA & JEW
Attorneys-at-law
A Law Corporation
ROY T. OGAWA                #1821
600 Ocean View Center
707 Richards Street
Honolulu, Hawai`i 96813
Telephone:  (808) 533-3999
Facsimile:  (808) 533-01444
Email:  rogawa@ollon.com

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ROBERT C. NIESLEY *(Pro hac vice)*
DAVID E. NEMETH *(Pro hac vice)*
YANNA J. LI *(Pro hac vice)*
2040 Main Street, Suite 300
Irvine, CA 92614
Telephone:  (949) 852-6700
Facsimile:  (949) 261-0771
Email: rniesley@wthf.com
       dnemeth@wthf.com
        yli@wthf.com

Attorneys for Plaintiff
AMERICAN MOTORISTS INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE CLUB AT HOKULI'A, INC., a Hawaii nonprofit corporation; HOKULI'A COMMUNITY ASSOCIATION, INC., a Hawaii nonprofit corporation; 1250 OCEANSIDE PARTNERS, a Hawaii limited partnership; TEXTRON FINANCIAL CORPORATION, a Delaware corporation; RED HILL 1250, INC., a Washington corporation; and OCD, LLC, a Hawaii limited liability company,<br><br>　　　　　Defendants. | Civil No. CV 10-00199 SOM-KSC<br><br>PLAINTIFF AMERICAN MOTORISTS INSURANCE COMPANY'S OBJECTIONS TO DEFENDANT/CROSS-CLAIMANT OCD, LLC'S SEPARATE CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [DKT NO. 357]; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE<br><br>Judge: Hon. Susan Oki Mollway |

2

PLAINTIFF AMERICAN MOTORISTS INSURANCE COMPANY'S
OBJECTIONS TO DEFENDANT/CROSS-CLAIMANT OCD, LLC'S
SEPARATE CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT [DKT NO. 357]

| No. | STATEMENT | CITATION |
|---|---|---|
| 1. | Not disputed. | N/A |
| 2. | Disputed. The "General Agreement of Indemnity" ("1999 GAI") was executed by Lyle Anderson of Red Hill 1250, Inc. ("Red Hill"), and Yutaka Takeda of Ocean Club Development Company, Inc. ("OCDC"). OCD, LLC ("OCD") acquired all of OCDC's interests in December of 1999, including all contracts. | Ex. E (1999 GAI) to Nakamura Decl. at ¶ 3; Ex. A to Hasegawa Decl. at ¶ 3 (Oceanside's Certificate of Amendment of Limited Partnership filed on Dec. 28, 1999) |
| 3. | Not disputed. | N/A |
| 4. | Disputed. The "General Indemnity Agreement" ("2001 GAI") was executed by Lyle Anderson of Red Hill and Yutaka Takeda of OCD. | Ex. F (2001 GAI) to Nakamura Decl. at ¶ 4. |
| 5. | Disputed. David Jensen, the bond placement agent for Oceanside, testified that he "prepared" the 1999 GAI and 2001 GAI from forms provided by AMICO. | Exs. O and P to Nakamura Decl. at ¶ 12 (Jensen Dep. Tr. at 372:20 to 382:14) |
| 6. | Not disputed. However, the PIPA attached to Hasegawa's Decl. is an incomplete document and does not include Exhibits A1 and A2, which would provide a description of the General Partnership interests being sold. | Ex. B to Hasegawa Decl. at ¶ 4, Art. 1, Sect. 1.2. |
| 7. | Not Disputed. | N/A |

1

| No. | STATEMENT | CITATION |
|---|---|---|
| 8. | Disputed. The depositions testimony and exhibits do not support the allegation that "AMICO had actual notice of OCD's dissociation[.]" The 2001-2000 financial report merely states that the sale of OCD's General Partnership Interest "is anticipated to close in May 2002," not that it has closed. Also, as AMICO provided in its answer to OCD's Interrogatory No. 15, it is unknown when AMICO received the 2003. | Exs. G, H, J, and Z to Nakamura Decl. |
| 9. | Disputed. The Club Improvements Bond No. 3SM 959 054 00 was issued on September 16, 1999. In 2001, a superseding bond was issued to increase the amount by $1 million and altered the completion dates. | Ex. U to Nakamura Decl. at ¶ 14. |
| 10. | Disputed. The Phase 1 HCA Bond was issued on September 16, 1999. | Ex. R to Nakamura Decl. at ¶ 13. |
| 11. | Not disputed. | N/A |
| 12. | Not disputed. | N/A |
| 13. | Not disputed. | N/A |
| 14. | Disputed. Although the Club and HCA now assert that Oceanside was not in default before May 23, 2002, Oceanside had not completed the bonded work. When Oceanside was in breach or defaulted on the agreements remains a disputed question of material fact. | Exs. K and L to Nakamura Decl. |
| 15. | Not disputed. | N/A |
| 16. | Disputed. Although Oceanside takes the position that it did not incur an obligation under the 1999 and/or 2001 GAI prior to May 23, 2002, whether Oceanside did remains a disputed question of fact. | Ex. M to Nakamura Decl. |
| 17. | Disputed. AMICO did not admit that it has not incurred any liability to date in its response to OCD's Interrog. No. 4., as suggested by OCD. Interrog. No. 4 asks about any "loss" occurring prior to December 31, 2002, not "losses" to date. AMICO has suffered a "loss" to date, as defined in the GAIs. | Ex. D to Nakamura Decl. (AMICO's Resp. to OCD's Interrog. No. 4) |
| 18. | Not disputed. | N/A |

2

| No. | STATEMENT | CITATION |
|---|---|---|
| 19. | Disputed.  There are estimated completion dates in the bonds that pre-date May 22, 2002 and OCD knew that the completion dates would not be met. | Exs. R, U, and V to Nakamura Decl. |
| 20. | Disputed.  The bonds provide that the estimated completion dates could only be modified by agreement of the "obligee and principal" in writing. | Exs. U, R, V to Nakamura, Decl. at ¶¶ 13-15. |
| 21. | Disputed.  AMICO did not admit that "by May of 2003, it knew that at least certain of the completion dates were not met," as OCD alleges.  AMICO's responses to Interrogatory Nos. 22 and 23 merely state that it received Oceanside's Financial Statements for 1999-1998 and 2000-1999 on Nov. 16, 2000 and May 16, 2001, respectively. | Ex. J to Nakamura Decl. |
| 22. | Disputed.  AMICO's response to Request for Admission No. 21 denies OCD's statement "to the extent the Bonds are continuous until the surety is released or discharged."  The bonds are continuous. | Ex. CC to Nakamura Decl. |
| 23. | Disputed.  OCD's statement is not accurate based on the exhibits it relies upon.  The exhibits cited to by OCD show only that (1) Textron was included as an additional obligee to the Bond No. 3SM 959 054 00 and (2) AMICO does not dispute that in 2005, Deere Credit, Inc. was deleted as a dual obligee from each of the Bonds. | Exs. X and EE to Nakamura Decl. at ¶¶ 16, 23. |
| 24. | Not disputed. | N/A |
| 25. | Disputed.  OCD's statement misstates John M. McGregor's testimony.  Mr. McGregor, who was not AMICO's 30(b)(6) representative regarding the dual obligee riders, testified as follows regarding whether adding an obligee to a bond is an "important change":<br><br>"I think a note worthily [sic] change.  I don't know exactly if I characterize it as important.  Perhaps it's important." | Ex. G to Nakamura Decl. at ¶ 5 (McGregor Rough Dep. Tr. at 98:15-19) |

3

| No. | STATEMENT | CITATION |
|---|---|---|
| 26. | Disputed in part.  AMICO does not dispute that it "has not yet paid to any obligee any or all penal sums indicated in the Bonds, or any other form of compensation," but AMICO disputes OCD's statement to the extent that OCD's statement suggests that AMICO did not incur damages related to the bonds. | N/A |
| 27. | Not disputed. | N/A |
| 28. | Not disputed. | N/A |

DATED:   Honolulu, Hawai'i, September 26, 2011.

/s/ Rex Y. Fujichaku
MARGERY S. BRONSTER
REX Y. FUJICHAKU
MARGUERITE S. NOZAKI
Attorneys for Plaintiff
AMERICAN MOTORISTS
INSURANCE COMPANY

4